*449 Opinion of
the Court.
THIS was an action brought on a bond given by Cartwright to obtain the liberty of the prison rules. The condition of the bond, after the usual recitals, contains the following provisions: “Now if the above bound Cartwright should well and truly keep within the prison rules or bounds of said Christian county, as pointed out and designated by the county court of Christian, and laid off by said court, and not go out nor depart therefrom, until discharged by due course of *450 law, or pay the above debt of $100, interest $4, costs $8 19 cents, the sheriff’s half commission for levying the above capias ad satisfaciendum $2 80 cents, and 50 cents for writing this bond, amounting in the whole to $115 49 1-2 cents, with interest thereon at the rate of six per centum per annum from the date of the above bond, then the above obligation to be void and of no effect; otherwise to remain in full force and virtue in law.”
The declaration is in the usual form, and on a demurrer to it the court rendered judgment in bar of the plaintiff’s action. The judgment was given by the court on the supposition of the bond being void; and whether or not the court was correct in that idea, is the only question presented for the decision of this court.
It, at this day, need scarcely to be observed, that all bonds are void, which are taken otherwise than is prescribed by law, by sheriffs, from persons in their custody. Such is the express declaration of the law, and such has been the repeated decisions of this court. It is not, however, every departure from the letter of the law, in the condition of the bond, that will render the bond a nullity. It must be a substantial departure. Thus, in the case of bonds such as the one under consideration, given for the prison rules, although the law, in prescribing the nature of the bond, has barely required a condition that the person shall not depart or go out of the rules or bounds of the prison to which he may be committed; yet it has been held that a bond would not be void, if to such a condition were superadded the further expression, “ until discharged by due course of law, or pay the sheriff or plaintiff in the execution the amount of the debt and costs.” And the propriety of such a decision is obvious; for, as by paying the debt and costs, the defendant would, under an obligation taken according to the letter of the law, be permitted to depart from the rules, the superadded expressions to which we have referred, would be but an expression of the contingency upon which the defendant, without them, might be discharged. But such is not precisely the condition of the bond under consideration. It contains a condition for payment; but the amount to be paid is greater than the defendant was under any legal obligation to pay. The defendant was under no legal obligation to pay interest on the costs of the suit, and *451 the condition contains an express stipulation to pay interest on the costs, as well as interest on the principal and interest, up to the date of the bond. A bond with such a condition is in direct hostility to the letter and spirit of the law regulating the duty of sheriffs, in taking bonds from persons in their custody, and must be held, as the court below has pronounced it, void.
Judgment affirmed.